MARGERY BARNHART, Appellant, v. GEORGE S. HANFORD.

**Lease: TERMINATION:** *By mortgage.* A mortgage of a piano to the lessee thereof, given during the year for which rent had been paid, and in addition to the usual provisions for taking possession and selling in case of default, reciting "said piano being now in possession of the said H., in U. hotel,—and is to remain in possession of the said H. during the force and continuance of the mortgage," gives H., the mortgagee, the right to possess and use the piano, and supersedes the lease.

**Contract: CONSTRUCTION.** An agreement to pay a specified rent yearly for a piano, besides *"keeping"* it in tune" does not render the lessee liable for the expense of cleaning and tuning it when it is first received by him. It is an agreement to keep in tune and not to put in tune.

*Appeal from Floyd District Court.*—HON. P. W. BURR, Judge.

FRIDAY, APRIL 8, 1898.

ACTION to recover a balance alleged to be due as rent on a piano. Defendant answered, claiming that he held the piano under a chattel mortgage during the time for which rent is claimed. The issues and facts appear in the opinion. Judgment was rendered dismissing plaintiff's petition, and she appeals.— *Affirmed.*

*J. S. Barnhart* for appellant.

*Reiniger, Lloyd & Prouty* for appellee.

GIVEN, J.—I. Under date of December 6, 1884, defendant wrote to the plaintiff as follows: "Dear Madam: I notice your piano is still in the rooms occupied by Mr. Shaw. If you will rent it, I will give you $24.00 a year from Jan. 1, 1885, besides keeping it in

tune. If I have it, I shall put it in my hotel parlor, where it will be in better condition than where it now is." Plaintiff accepted this offer, and the defendant removed the piano to his hotel parlor, and had it cleaned and tuned, at an expense of five dollars, which he paid, and about January 13, 1885, paid the plaintiff nineteen dollars, on account of the first year's rent. Plaintiff contends that there are five dollars due on the first year's rent; but not so, we think. Defendant's agreement was not to put, but to keep, the piano in tune, and this implies that the plaintiff was to put it in order; and it is evident that the parties understood that the first year's rent was fully paid. On November 27, 1885, plaintiff executed to the defendant a chattel mortgage on the piano, to secure the payment of her one promissory note of that date to the defendant for sixty dollars, payable February 27, 1886, with ten per cent. interest. Said mortgage, in addition to the usual provisions as to taking possession of and selling the mortgaged property, by the mortgagee, contains the following: "Said piano being now in the possession of the said Geo. S. Hanford in the Union Hotel, in Charles City, and is to remain in the possession of the said Hanford during the force and continuance of this mortgage." On February 28, 1894, the plaintiff commenced this action to recover rent for the piano under said contract from January 1, 1885, to that date, crediting the defendant with said nineteen dollars, and with the amount of said notes, principal and interest, to January 1, 1889, seventy-eight dollars and fifty-five cents, and asking judgment for one hundred and twenty-five dollars and forty-five cents, with interest from January 1, 1889. On March 19, 1894, plaintiff amended her petition, alleging that since the commencement of the action, defendant was proceding to foreclose said mortgage, and asking that the proceeding

to foreclose be transferred to the district court, and that the defendant be restrained from foreclosing pending this action. A restraining order was granted "upon filing bond in the sum of $100"; but, plaintiff failing to file the bond, no order was issued, and the defendant proceeded with the foreclosure, sold the piano, and afterwards bought it from the purchaser at the foreclosure sale.

II. The first question to be considered is whether the mortgage terminated the lease, and as to this we inquire for the intention of the parties. Appellant cites cases upon the subject of conversion of mortgaged property by mortgagees, and their liability for the retention and use thereof. This is a question of contract, and not of tort, and the cases cited are not applicable. There is no question but that, under the acceptance of his offer, defendant had a right to possession and use of the piano. Appellant contends that, by the mortgage, he was only given the right to possession, and not the right to use. Therefore the mortgage did not supersede the lease as to the use of the piano and the right of plaintiff to rent therefor. The right to use is not expressed in the lease; yet no one would question the right of the defendant, under it, to use the piano. The right to use is not expressed in the mortgage, but we think that, viewed in the light of all the facts, the mortgage, taken alone, did confer upon the defendant the right to use the piano so long as it was held under the mortgage. Under provision of the mortgage, the piano was to remain in defendant's possession, in his hotel, during the continuance of the mortgage. Now, surely, it was not contemplated by the plaintiff in making and taking this mortgage that the piano was to so remain as in storage. The place wherein it was to remain indicates very clearly an intention that it was to be used,—an intention that is emphasized

somewhat by the fact that such instruments are better preserved by proper use than by standing unused. We think it quite clear that, taking the mortgage alone, it gave to the defendant the right to possess and use the piano during the continuance of the mortgage, and therefore superseded the prior contract between the parties. It follows from this conclusion that the judgment of the district court must be AFFIRMED.